IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FIRMHOST LLC and RODNEY D. HENSON,<br><br>   Plaintiffs,<br><br>vs.<br><br>THE MIRAMAS GROUP, LLC,<br><br>   Defendant. | Cause No. 5:19-CV-00234<br><br>**JURY DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

JURY DEMAND

Plaintiffs FIRMHOST LLC and RODNEY D. HENSON demand a trial by jury on all issues and alleges as follows:

PARTIES

1. Plaintiff FIRMHOST LLC ("Firmhost") is a limited liability company organized and existing under the laws of the State of Texas and having its principal place of business at 269 County Road 3527, Bullard, Texas 75757.

2. Plaintiff RODNEY D. HENSON ("Henson") is an individual residing at 269 County Road 3527, Bullard, Texas 75757.

3. Defendant THE MIRAMAS GROUP, LLC ("Miramas") is a limited liability company organized and existing under the laws of the State of Texas and having its principle place of business at 3201 Cherry Ridge Drive Suite A107, San Antonio, Texas 78230.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a) because this action involves a claim arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*; a claim of unfair competition joined with a substantial and related claim under the trademark laws; other claims that are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy; and a claim arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b)(1), and/or 1391(b)(2) because Miramas resides in this judicial district, and all defendants are residents of the State of Texas; and Miramas has demanded changes to Firmhost's business practices in this judicial district.

## FACTS

6. Henson has been a licensed real estate professional in the State of Texas since 1997, is currently a real estate broker in Alabama, Colorado, Florida, Georgia and Texas, and has been active in real estate development in both North and South America.

7. Henson formed FIRMHOST LLC as a single member limited liability company on the State of Texas on May 16, 2000.

8. Henson's real estate related activities are conducted through Firmhost.

9. Firmhost is substantially exclusively engaged in the business of acting as a real estate broker sponsor or a real estate broker of record for third party real estate agents ("the Firmhost Services").

10. Among other places, Firmhost provides the Firmhost Services in the State of Texas.

11. The terms "broker sponsor" and "broker of record" describe a licensed real estate broker responsible for one or more licensed real estate agents involved in representing a buyer or seller in real estate transactions.

12. No person may act as a real estate sales agent in the State of Texas unless the person is "sponsored by a licensed broker."

13. Firmhost currently provides the Firmhost Services for over 600 real estate agents.

14. Firmhost has been the Registrant of the YOURBROKER.INFO Internet domain name since August 31, 2012.

15. Firmhost has operated a website at the YOURBROKER.INFO Internet domain name ("the YourBroker Website") since September of 2012.

16. The YourBroker Website is dedicated to advertising the Firmhost Services.

17. The YourBroker Website fairly and in good faith describes the Firmhost Services.

18. On or about February 27, 2019, Miramas caused a letter to be delivered to Henson ("the Miramas Letter").

19. The Miramas Letter alleges ownership by Miramas of U.S. trademark registration Reg. No. 5,557,308 ("the Miramas Registration").

20. The Miramas Registration is for the mark TEXAS BROKER SPONSOR.COM ("the Miramas Mark), as used in connection with "real estate brokerage comprised of Texas real estate agents and real estate brokerage entities," in Int'l Cl. 036.

21. The Miramas Registration is made on the Supplemental Register of the U.S. Patent and Trademark Office ("the USPTO"), pursuant to 15 U.S.C. § 1091(a), as a mark determined to be unregisterable on the Principle Register.

22. On December 14, 2017, the USPTO refused registration of the Miramas Mark on the Principle Register, pursuant to 15 U.S.C. § 1052(e), on the grounds that the term "TEXAS" is primarily geographically descriptive of the recited services, and that the additional wording "BROKER SPONSOR.COM" is highly descriptive of or generic for the recited services.

23. On June 14, 2018, Miramas fully acquiesced to the December 14, 2017 determination by the USPTO that the Miramas Mark is not distinctive of Miramas' services.

24. The Miramas Letter alleges that Henson is using the name "Texas Broker Sponsor" in online advertisements and other marketing media, including, without limitation, Google Ads.

25. The Miramas Letter alleges that use by Henson "of the tags and terms 'Texas Broker Sponsor,' 'Texas Broker Sponsorship,' and 'Texas Broker Sponsor of Record,' prominently on [the YourBroker Website]" ("the Firmhost Uses") creates the false impression that Miramas is associated with Firmhost.

26. The Miramas Letter alleges that the Firmhost Uses create the false impression that Miramas has in some way sponsored or endorsed the Firmhost Services.

27. The Miramas Letter alleges that the Firmhost Uses are likely to cause confusion among consumers in that consumers will assume a connection between the Firmhost Services and Miramas.

28. In the Miramas Registration, Miramas alleges that the Mark was first used anywhere by Miramas on September 17, 2012.

29. On information and belief, any of the Firmhost Uses actually made by Henson or Firmhost predates any use anywhere by Miramas of the Mark.

30. In the Miramas Registration, Miramas alleges that the Mark was first used in commerce by Miramas on December 1, 2012.

31. On information and belief, any of the Firmhost Uses actually made by Henson or Firmhost predates any use in commerce by Miramas of the Mark.

32. The Miramas Letter alleges violation or 15 U.S.C. §§ 1114(1) and 1125(a).

33. Miramas has not, and cannot, establish a protectable interest in the descriptive Miramas Mark or in any other term confusingly similar to any of the Firmhost Uses or any other term used by Firmhost or Henson, and is therefore not entitled to any relief under either 15 U.S.C. §§ 1114(1) or 1125(a).

34. The Miramas Letter alleges that the Firmhost Uses are likely to dilute the distinctive quality of the Mark.

35. The Miramas Mark is neither famous nor distinctive, and does not qualify under 15 U.S.C. § 1125(c) for federal protection against dilution.

36. The Miramas Letter alleges violation of TEX. BUS. & COM. CODE § 16.29.

37. TEX. BUS. & COM. CODE § 16.29 was repealed effective September 1, 2012, in favor of TEX. BUS. & COM. CODE § 16.103.

38. The Miramas Mark is neither famous nor distinctive, and does not qualify for protection under TEX. BUS. & COM. CODE § 16.103.

39. The Miramas Letter demands that Henson "immediately cease using the name and mark 'Texas Broker Sponsor,' 'Texas Broker Sponsorship,' and 'Texas Broker Sponsor of Record,'" and "immediately discontinue any and all advertisements and marketing using or

incorporating the name 'Texas Broker Sponsor,' 'Texas Broker Sponsorship,' and 'Texas Broker Sponsor of Record,' or substantially similar names."

40. Miramas was aware that the Miramas Mark does not qualify for trademark protection from at least June 14, 2018, as set forth in paragraph 24.

41. Miramas is actively engaged in using the Miramas Mark to monopolize, or attempt to monopolize, the provision in Texas of real estate broker sponsor or a real estate broker of record services.

42. Miramas' conduct in using the Marks to monopolize, or attempt to monopolize, the provision of in Texas of real estate broker sponsor or a real estate broker of record services has caused injury to Firmhost and Henson.

43. The Miramas Letter expressly warns that Henson will receive no further written notice "before a lawsuit is filed."

44. An actual controversy within the jurisdiction of this Court exists between Firmhost and Miramas.

45. An actual controversy within the jurisdiction of this Court exists between Henson and Miramas.

### COUNT 1: DECLARATORY JUDGMENT
(No Infringement)

46. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

47. The Miramas Mark is not distinctive of any good sold or transported or any service rendered by Miramas.

48. No any act or omission by Firmhost is likely to cause confusion with respect to, or otherwise infringe, any right of any of Miramas in, to or under the Miramas Mark or the Miramas Registration.

49. Firmhost and Henson request a declaration of this Court that no act or omission by Firmhost infringes any right of Miramas in, to or under the Miramas Mark or the Miramas Registration.

## COUNT 2: DECLARATORY JUDGMENT
(No Infringement)

50. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

51. The Miramas Mark is not distinctive of any good sold or transported or any service rendered by Miramas.

52. No any act or omission by Henson is likely to cause confusion with respect to, or otherwise infringe, any right of any of Miramas in, to or under the Miramas Mark or the Miramas Registration.

53. Firmhost and Henson request a declaration of this Court that no act or omission by Henson infringes any right of Miramas in, to or under the Miramas Mark or the Miramas Registration.

## COUNT 3: DECLARATORY JUDGMENT
(No Unfair Competition)

54. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

55. No any act or omission by Firmhost is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Firmhost with Miramas,

or as to the origin, sponsorship, or approval by Miramas of any good, service, or commercial activity of Firmhost.

56. Firmhost and Henson request a declaration of this Court that no act or omission by Firmhost constitutes unfair competition with respect Miramas.

### COUNT 4: DECLARATORY JUDGMENT
(No Unfair Competition)

57. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

58. No any act or omission by Henson is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Henson with Miramas, or as to the origin, sponsorship, or approval by Miramas of any good, service, or commercial activity of Henson.

59. Firmhost and Henson request a declaration of this Court that no act or omission by Henson constitutes unfair competition with respect Miramas.

### COUNT 5: DECLARATORY JUDGMENT
(No Entitlement to Dilution Claim)

60. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

61. The Miramas Mark is a not a distinctive mark in the United States.

62. The Miramas Mark is a not a famous mark in the United States.

63. Firmhost and Henson request a declaration of this Court that Miramas is not entitled to pursue a federal claim for dilution of the Miramas Mark.

## COUNT 6: DECLARATORY JUDGMENT
(No Entitlement to Dilution Claim)

64. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

65. The Miramas Mark is a not a distinctive mark in the State of Texas.

66. The Miramas Mark is a not a famous mark in the State of Texas.

67. Firmhost and Henson request a declaration of this Court that Miramas is not entitled to pursue a Texas claim for dilution of the Miramas Mark.

## COUNT 7: DECLARATORY JUDGMENT
(No Dilution)

68. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

69. No any act or omission by Firmhost is likely to cause the dilution the Miramas Mark.

70. Firmhost and Henson request a declaration of this Court that no act or omission by Firmhost is likely to cause dilution of the Miramas Mark.

## COUNT 8: DECLARATORY JUDGMENT
(No Dilution)

71. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

72. No any act or omission by Henson is likely to cause the dilution the Miramas Mark.

73. Firmhost and Henson request a declaration of this Court that no act or omission by Henson is likely to cause dilution of the Miramas Mark.

## COUNT 9: DECLARATORY JUDGMENT
### (Fair Use)

74. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

75. Any use by Firmhost of the Miramas Mark is a fair use.

76. Firmhost and Henson request a declaration of this Court that any use by Firmhost of the Miramas Mark is a fair use, for which Miramas is not entitled to any damages or other relief.

## COUNT 10: DECLARATORY JUDGMENT
### (Fair Use)

77. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

78. Any use by Henson of the Miramas Mark is a fair use.

79. Firmhost and Henson request a declaration of this Court that any use by Henson of the Miramas Mark is a fair use, for which Miramas is not entitled to any damages or other relief.

## COUNT 11: DECLARATORY JUDGMENT
### (Invalidity of the Miramas Registration)

80. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

81. The mark to which the Miramas Registration pertains is generic of the recited services.

82. Firmhost and Henson request a declaration of this Court that the Miramas Registration is invalid or unenforceable.

## COUNT 12: DECLARATORY JUDGMENT
(Damage by the Miramas Registration)

83. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

84. Firmhost will be damaged by the continued registration by Miramas of the Miramas Mark.

85. Firmhost and Henson request a declaration of this Court that Firmhost will be damaged by the continued registration by Miramas of the Miramas Mark.

## COUNT 13: DECLARATORY JUDGMENT
(Damage by the Miramas Registration)

86. Firmhost and Henson repeat the allegations of paragraphs 1 through 45 in their entirety.

87. Henson will be damaged by the continued registration by Miramas of the Miramas Mark.

88. Firmhost and Henson request a declaration of this Court that Henson will be damaged by the continued registration by Miramas of the Miramas Mark.

## RELIEF SOUGHT

WHEREFOR, Plaintiffs FIRMHOST LLC and RODNEY D. HENSON request:

(1) a Declaratory Judgment that Firmhost is not liable for infringing or diluting the Miramas Mark;

(2) a Declaratory Judgment that Henson is not liable for infringing or diluting the Miramas Mark;

(3) a Declaratory Judgment that the Miramas Mark is invalid or unenforceable;

(4) a Declaratory Judgment that Firmhost will be damaged by the continued registration of the Miramas Mark;

(5) a Declaratory Judgment that Henson will be damaged by the continued registration of the Miramas Mark;

(6) that the Director of the U.S. Patent and Trademark Office be ordered to cancel the Miramas Registration;

(7) that Miramas be required to pay to Firmhost and Henson damages, the costs of this action and reasonable attorneys' fees to be allowed to Firmhost and Henson by the Court; and

(8) that Firmhost and Henson each have such other and further relief as is just and equitable.

Respectfully submitted on March 10, 2019,

WAYNE J. COLTON, INC.

By: Wayne J. Colton
Texas State Bar 24029488
405 N SAINT MARYS ST STE 900
SAN ANTONIO TX 78205-2326
Telephone: 210 222 8455
Facsimile: 210 222 8445
E-mail: colton@wjci.com

ATTORNEY FOR PLAINTIFF